UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIELLE DELYNN DAVIS Danielle Davis (ens legis), Danielle DeLynn Davis (ens legis), | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:25-cv-01513-JPH-CSW |
| JP MORGAN CHASE BANK, N.A., | ) ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Danielle Delynn Davis had several accounts with Defendant JP Morgan Chase Bank, N.A. She alleges that after filing a whistleblower action against Chase and other entities, Chase retaliated against her in violation of federal and state law. Chase has filed a motion to dismiss, dkt. [13], which Ms. Davis has not responded to. For the reasons below, Chase's motion to dismiss is **GRANTED.**

**I.**
**Facts and Background**

Because Chase has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In July 2025, Ms. Davis filed a *qui tam* whistleblower action, *United States of America v. Quest Diagnostics, Inc. et al.*, 1:25-cv-01427-JPH-CSW, under the False Claims Act against a healthcare corporation and Chase. Dkt.

1

1 at 2.[1]  Prior to that suit, Ms. Davis had checking, credit card, and automobile lease accounts with Chase and participated in its Advancing Black Pathways business program.  *Id.*  When she enrolled in the Advancing Black Pathways program, a Chase employee asked why she chose to start her own business, and Ms. Davis said it was because her former employer retaliated against her. *Id.* at 2–3.

Chase then started "engaging in adverse financial conduct" against Ms. Davis.  *Id.* at 3.  It threatened to repossess her vehicle, froze her bank account, rescinded her participation in the Advancing Black Pathways program, refused to release her automobile title, obstructed her ability to obtain automobile financing opportunities, failed to properly file and report information to the IRS, reported derogatory credit information, and failed to resolve Fair Credit Reporting Act ("FCRA") disputes.  *Id.*

In November 2023, Ms. Davis was involved in a total-loss car accident. *Id.*  Following the accident, Chase refused to release her automobile title so that she could "receive entitlements under her insurance policy to replace the vehicle."  *Id.*

Ms. Davis asserts claims for retaliation in violation of public policy (Count I), tortious interference with economic advantage (Count II), violation of

---

[1] Ms. Davis requests that this action be sealed because it references her underlying sealed *qui tam* action.  Dkt. 1 at 8.  That action, however, was dismissed and is no longer sealed.  *See Quest Diagnostics, Inc. et al.*, 1:25-cv-0147-JPH-CSW, dkts. 22, 23. Moreover, Ms. Davis has neither identified a statute, rule, or privilege to seal this case, nor complied with Local Rule 5-11, which governs filing cases and documents under seal.  *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)*; see also*  L.R. 5-11; Fed. R. Civ. P. 5.2.  Her request to file this case under seal is therefore **denied.**

the FCRA (Count III), and abuse of process (Count IV). *Id.* at 4–5. Chase has filed a motion to dismiss. Dkt. 13. Ms. Davis did not respond to that motion.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

Indiana substantive law governs the state-law claims this case. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019). Absent a controlling decision from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law. *Mashallah, Inc. v. West Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021). In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

## III.
## Analysis

Chase argues that all four of Ms. Davis's claims must be dismissed. Dkt. 13. Ms. Davis did not respond.

### A. Retaliation in Violation of Public Policy (Count I)

Ms. Davis alleges that Chase wrongfully retaliated against her "in violation of public policy" for engaging in protected whistleblower activities. Dkt. 1 at 4. Chase argues that this claim must be dismissed because there is no "free-floating tort of retaliation" under federal or Indiana law, and Ms. Davis has not alleged facts to state a claim for retaliation in the employment context. Dkt. 13 at 4–5.

Neither federal law nor Indiana law recognizes a claim for "retaliation in violation of public policy" untethered to a specific statute. Under the federal False Claims Act ("FCA"), it's unlawful for employers to retaliate against employees, agents, or contractors who act in furtherance of FCA enforcement. 31 U.S.C. § 3730(h); *Lewis v. AbbVie, Inc.*, 152 F.4th 807, 814 (7th Cir. 2025). An FCA retaliation claim, however, requires plausible allegations that the

4

plaintiff was an employee, agent, or contractor who was wrongfully retaliated against by an employer. *See Lewis*, 152 F.4th at 814 (listing the first element of an FCA retaliation claim as "the employee's actions were in furtherance of a FCA action preventing a FCA violation"); 31 U.S.C. § 3730 (providing relief from retaliatory actions in furtherance of FCA enforcement to "any employee, contractor, or agent"). But here, Ms. Davis states that she "was not an employee of Chase," dkt. 1 at 4, and does not plausibly allege that she was an agent or contractor of Chase, *see id.*, so she has not stated a claim for retaliation under the FCA.

Federal law also prohibits employers from retaliating against their employees for engaging in protected activity, but such a claim also requires an employment relationship with the defendant. So, to the extent that Ms. Davis intended to assert a federal Title VII retaliation claim, she has failed to state a claim for relief because she has not pleaded an employer-employee relationship. *See Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016) (stating that for Title VII retaliation, a plaintiff must show that "he suffered an adverse employment action").

Similarly, Indiana law protects whistleblowers who "initiated, testified, assisted, or participated in an investigation," from employer retaliation. Ind. Code. § 5-11-5.5-8. But that statute protects only employees from employer retaliation, and Ms. Davis states that she is not an employee of Chase. Dkt. 1 at 4. For the same reason, Ms. Davis could not state a claim under the public

policy exemption to Indiana's at-will employment doctrine.  *See Frampton v. Central Ind. Gas Co.*, 297 N.E.2d 425, 427–28 (Ind. 1973).

Because a general "retaliation in violation of public policy" claim is not cognizable, and Ms. Davis had not otherwise pleaded allegations that support a claim for retaliation under federal or state law, this claim must be **dismissed.**

## B. Tortious Interference with Economic Advantage (Count II)

Ms. Davis asserts a claim for tortious interference with economic advantage, alleging that Chase "has intentionally interfered with Plaintiff's reasonable expectancy of obtaining automobile financing, maintaining reliable transportation, and pursuing economic activities."  Dkt. 1 at 4.  Chase argues that this claim must be dismissed because Indiana law does not recognize the tort of interference with economic advantage, and because Ms. Davis has not plausibly pleaded a claim for interference with a contractual relationship or a prospective business relationship.  Dkt. 14 at 5–6.

Instead of tortious "interference with economic advantage," Indiana law recognizes analogous tort claims for tortious interference with a contractual relationship and tortious interference with a business relationship.  *Laux v. Baker*, 238 N.E.3d 692, 701 (Ind. Ct. App. 2024) (explaining that a claim for tortious interference with a business relationship "seeks to remedy damages stemming from interference with a prospective advantage").

To prevail on a tortious interference with a business relationship claim, Ms. Davis must prove: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's

6

intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful interference with that relationship." *Laux*, 238 N.E.3d at 701.  The elements for a tortious interference with contract are the same, "except that there is a requirement for a valid and enforceable contract." *McCollough v. Noblesville Schools*, 63 N.E.3d 334, 344 (Ind. Ct. App. 2016).

Here, though Ms. Davis alleges the existence of a business relationship and contract with Chase—her automobile financing contract—Chase cannot be liable for tortiously interfering with its own contracts and business relationships.  Dkt. 1 at 3, 5; *Meridian Sec. Ins. Co. v. Hoffman Adjustment Co.*, 933 N.E.2d 7, 12 (Ind. Ct. App. 2010) (stating that a defendant "cannot tortiously interfere with their own business relationship"); *Trail v. Boys & Girls Clubs of Northwest Ind.*, 845 N.E.2d 130, 139 (Ind. 2006) ("A party cannot interfere with its own contracts, so the tort itself can be committed only by a third party.").  Because Ms. Davis has not plausibly alleged a third-party business relationship or contract that Chase tortiously interfered with, this claim must be **dismissed.**

### C. Fair Credit Reporting Act Claims (Count III)

Ms. Davis next alleges that Chase "knowingly furnished inaccurate credit information," and "failed to reasonably investigate disputes filed by Plaintiff," in violation of the FCRA.  Dkt. 1 at 5 (citing 15 U.S.C. §§ 1681s–2, 1681i).  Chase argues that this claim must be dismissed because there is no private right of

7

action under § 1681s–2(a), and Ms. Davis failed to allege facts plausibly suggesting a violation of § 1681s–2(b).  Dkt. 14 at 6–7.

The FCRA exists "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  Section 1681s–2(a) of the FCRA imposes a duty on furnishers of information, such as Chase, to provide accurate information and to correct information that it learns is inaccurate.  *See* 15 U.S.C. § 1681s–2(a).  But there is no private right of action to enforce this duty.  *See* 15 U.S.C. § 1681s–2(a), 2(c); *Purcell v. Bank of America*, 659 F.3d 622, 623 (7th Cir. 2011); *Lang v. TCF Nat. Bank*, 338 Fed. App'x 541, 544 (7th Cir. 2009) ("Section 1681s–(c) specifically exempts violations of § 1681–2(a) from private civil liability; only the Federal Trade Commission can initiate suit under that section.") (unpublished).

Section 1681-2(b) requires furnishers like Chase to conduct a reasonable investigation of the completeness or accuracy of information.  *See* 15 U.S.C. § 1681–2(b).  While this section has a private right of action, a consumer may bring an action to enforce these rights only after the furnisher received notice of a dispute from a credit reporting agency ("CRA") pursuant to § 1681i(a)(2).  *See Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 707 (7th Cir. 2024); 15 U.S.C. §§ 1681-2(b); 1681i.  So, to state a claim under § 1681–2(b), Ms. Davis "must allege that she notified a CRA and identify the CRA she notified."  *Freeman*, 113 F.4th at 707.  Ms. Davis has not done so, and her FRCA claim is therefore **dismissed**.  Dkt. 1 at 5 (alleging only that Chase Bank "failed to

8

reasonably investigate disputes filed by Plaintiff"); *see Freeman*, 113 F.4th at 707 (affirming dismissal of § 1681–2(b) claim because plaintiff failed to allege which CRA she notified).

### 4. Abuse of Process (Count IV)

Last, Ms. Davis brings an abuse of process claim, asserting that Chase wrongfully "used the legal processes of bank levying, credit reporting and lien enforcement . . . [and] failed to comply with the Internal Revenue Code provision for reporting canceled debts[.]" Dkt. 1 at 5.  Chase argues that this claim must be dismissed because Ms. Davis failed to allege that it misused a judicial process, as required for an abuse of process claim.  Dkt. 14 at 7–8.

Under Indiana law, abuse of process claims require proof of "(1) an ulterior purpose or motives, and (2) a willful act in the use of process not proper in the regular conduct of the proceeding."  *Wells v. Bernitt*, 936 N.E.2d 1242, 1253 (Ind. Ct. App. 2010).  "The second element, stated differently, involves an inquiry as to whether the use of process was a legitimate use of the judicial system."  *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 753 (Ind. Ct. App. 2010).

Here, Ms. Davis alleges that Chase misused various "legal processes" via "bank levying, credit reporting, and lien enforcement," but she doesn't allege that these actions were taken in pursuit of or involved use of the judicial system as required for an abuse of process claim.  *See* dkt. 1 at 5; *Kalwitz*, 934 N.E.2d at 753.  The abuse of process claim therefore must be **dismissed.**

**IV.**
**Conclusion**

Defendant's motion to dismiss, dkt. [13], is **GRANTED**, and the complaint is dismissed for failure to state a claim.  Ms. Davis shall have through **August 4, 2026**, to file an amended complaint, if she believes that it would not be futile.  *See e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015).  Because an amended complaint completely replaces previous pleadings, it must be a complete statement of her claims.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  If Ms. Davis fails to file an amended complaint by that date, this action will be dismissed without further warning.

**SO ORDERED**.

Date: 7/13/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIELLE DELYNN DAVIS
200 Blisset Drive
Apt. K48
Dothan, AL 36301
Dannie@creatorssay.us

All electronically registered counsel.